15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Albeiro de Jesus GOMEZ, Defendant-Appellant.
 Nos. 89-50609, 90-50239 and 92-50370.*
 United States Court of Appeals, Ninth Circuit.
 Nos. 89-50609, 90-50239 Argued Oct. 9, 1991.
Submission Deferred.
92-50370 Submitted with argument.
Decided Feb. 2, 1994.
 
 Before: FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Three appeals arise out of a single trial of one defendant, Albeiro de Jesus Gomez. He appeals his conviction, following trial, for conspiracy to distribute cocaine and possession with the intent to distribute cocaine in violation of 21 U.S.C. Secs. 846 and 841(a)(1). He also appeals the district court's denial of his post-judgment application for renewed discovery and its denial of his motion for a new trial.
 
 
 3
 After completion of briefing and argument to this court, we delayed submission for two reasons: (1) to allow government counsel, who was ill on the day of argument, to file a written response to appellant's argument, and (2) to allow the district court, which was involved in ongoing proceedings in this case, to determine whether a new trial should be granted (the credibility of government witnesses who testified at trial was at issue because subsequent to trial they were indicted, convicted, declared targets, or under suspicion because of money-skimming and allied illegal activities uncovered in the unfolding scandal in the drug unit of the Los Angeles County sheriff's office.) The district court, for the second time, denied a new trial. Appeal of that denial, No. 92-50370, is also before us. We now order the appeal in No. 92-50370 submitted without argument and resubmit the other two appeals, Nos. 89-50609 and 90-50239. We hereby consolidate all of the appeals and dispose of them here.
 
 
 4
 Subsequent to the second denial of a new trial, and appellant's briefing of the new appeal, additional indictments have come down involving government witnesses. Appellant asks that we take notice and appropriate action in respect to these developments contending that they further discredit the government's witnesses. That request is rendered moot by our disposition of the appeals.
 
 
 5
 Because we conclude that the district court erred in denying appellant's motion for suppression of critical evidence and conclude that a new trial should be granted because of that error, we also do not reach the many other issues raised in the various appeals.
 
 
 6
 Relying on a consent signed by appellant, sheriff's officers searched Gomez's car and home. The cocaine found both in appellant's car and in his home was introduced at trial. Since the search was made without a warrant, and based solely on the alleged consent of Gomez, the government bears the burden of establishing that the consent was freely, voluntarily and intelligently given. Schneckloth v. Bustamonte, 412 U.S. 218 (1973). We conclude that the government did not sustain its burden. The appellant was taken to a small bathroom after four police officers entered the condominium with guns drawn and after they had handcuffed Gomez and laid him out on the floor for several minutes. The handcuffs were removed when he was taken to the bathroom, but the officers remained armed. Although Gomez clearly was in custody, he was not given Miranda warnings nor told that he had a right to refuse consent. Nor was he told that if he did not consent, the police would have to obtain a search warrant. See United States v. George, 883 F.2d 1407, 1411 (9th Cir.1988). He was kept in the cramped bathroom for twenty minutes surrounded by several officers. The government simply has not met its burden to show that, under these circumstances, the consent was nonetheless voluntary.
 
 
 7
 We do not reach the many other serious issues raised in these appeals, particularly the effect upon the credibility of the government's case of the discrediting of the several arresting officers who were the trial witnesses at the suppression hearing and at trial.
 
 
 8
 The conviction is reversed. We remand for a new trial.
 
 
 9
 REVERSED.
 
 
 10
 BRUNETTI, Circuit Judge, dissenting.
 
 
 11
 I dissent on the issue of whether the government erred in denying appellant's suppression motion. I believe the government has carried its burden. The Fourth Amendment proscribes only those government searches that are unreasonable. Florida v. Jimeno, 111 S.Ct. 1801, 1803 (1991). "The standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness--what would the typical reasonable person have understood by the exchange between the officer and the suspect?" Id. at 1803-04.
 
 
 12
 The evidence reflects that the scope of the search was reasonable in this case. The police took reasonable precautions when entering the home on Haro Avenue to search for drugs, by confining the defendants in the center of the room while they secured the premises. They asked to talk to Gomez only after learning he was the owner of the car. They brought him into the bathroom because there was no other private place in the home where they could question him without being overheard by the other defendants and without interrupting the other parts of the search.
 
 
 13
 There were two officers in the bathroom, and only one had a gun, which was holstered. Gomez was not handcuffed. He never refused to talk to the officers and never asked to leave. Gomez never complained about the bathroom or its environment and there is no indication that he was abused or otherwise harassed in the bathroom. Everything was explained to him in Spanish.
 
 
 14
 A reasonable interpretation of the facts indicates that Gomez freely and voluntarily consented to the search of his car and home. Gomez verbally consented to the search of his car and home, and when written consent forms, in Spanish, were presented to him, he signed them. The forms were read and explained to him in Spanish.
 
 
 15
 The fact that Gomez wrote the wrong address on the form does not vitiate his consent. He had verbally consented to the search of his home without mentioning the address, and subsequently acknowledged the error, renewed his consent, and corrected the form. There was no suggestion that the officers were aware of any discrepancy between the address Gomez initially wrote and the address of the house that was under surveillance until they reached the surveillance site. They acted reasonably in approaching both buildings while they determined which was Gomez's residence, and in searching his residence based on his verbal and written consent.
 
 
 16
 Because the majority has decided to reverse Gomez's conviction, I need not address his subsequent appeals based on the district court's denial of his post-judgment application for renewed discovery and on its denial of his two motions for a new trial.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3